IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JAMES M. ANDERS, individually
and on behalf of the wrongful death
heirs of JAMIE SCOTT ANDERS
and
SKYLA SEABOLT, individually
and on behalf of the wrongful death
heirs of JOHN W. SEABOLT                                            PLAINTIFFS

VERSUS                              CIVIL ACTION NUMBER: 2-03-CV-00200 GH

G.E.M. ENGINEERING COMPANY, INC.,                                   DEFENDANTS
and MANILA CORDAGE COMPANY

**COMPLAINT**   This case assigned to District Judge Howard
and to Magistrate Judge Cavaneau

The Plaintiffs file this Complaint, and allege:

1. The Plaintiff, James M. Anders, is an adult resident citizen of Mississippi, residing at 38 Ruth Trotter Road, Hattiesburg, Mississippi 39401.

2. The Plaintiff, Skyla Seabolt, is an adult resident citizen of Oklahoma, residing at 1900 Timberline, Muskogee, Oklahoma 74403.

3. The Defendant are:

   a. G.E.M. Engineering Company, Inc., ("GEM"), a corporation organized under the laws of Delaware with its principal place of business in Texas. The registered agent for service of process is Capitol Corporate Services, Inc., 840 Trustmark Building, 248 E Capitol Street, Jackson, Mississippi 39201; and

   b. Manila Cordage Company ("Manila Cordage"), a foreign corporation that is not organized under the laws of Arkansas, Mississippi, or Oklahoma and does not have its principal place business in Arkansas, Mississippi, or Oklahoma.

4. The Court has jurisdiction under 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs.

### First Claim: Negligence Against GEM

5.     At all material times, GEM sub-contracted All State Steel Erectors, also known as, All States Construction, Inc., to perform repair work on a cellular telephone tower in Forrest City, Arkansas.

6.     On or about January 2, 2002, Jamie Scott Anders, Deceased ("Anders"), and John W. Seabolt, Deceased, ("Seabolt") were employed by All State Steel Erectors of Wagoner, Oklahoma. On or about January 2, 2002, their employer required them to perform job duties on a tower in Forrest City, Arkansas. Their employer was a contractor hired by GEM to perform maintenance and repair of tower facilities in Forrest City, Arkansas.

7.     Anders and Seabolt's work at the tower facilities required them to climb the tower and work on the tower. Proper safety harnesses and safety lanyards were available for climbing the tower, but the All State foreman used a faster method of getting the men on the tower by using a rope and pulley system. The rope was pulled through a pulley mounted high on the tower. The men were attached to one end of the rope at twenty feet intervals. The other end was tied to the bumper of a pick-up truck. The pick-up truck was then backed up, hoisting the crew. GEM's field representative had observed the rope and pulley system being used on the subject job site and on other job sites.

8.     On or about January 2, 2002, while performing their duties, a crew of three men, Anders and Seabolt included, were being hoisted up the tower when, from a height exceeding 100 feet, the rope broke, causing them to fall to their deaths.

9.     GEM had a duty to eliminate safety hazards on the job site, and being fully aware of the use hoisting system, failed to eliminate the practice. GEM was negligent in failing to provide an adequate and safe working area for Anders and Seabolt.

10.     Anders and Seabolt sustained personal injuries that resulted in their untimely

deaths as a proximate result of GEM's negligence.

11. GEM was grossly negligent in a way that justifies the imposition of punitive damages.

## Second Claim: Strict Liability Against Manila Cordage

12. The Plaintiffs reallge and incorporate the allegations of the Complaint and the First Claim.

13. Manila Cordage designed, manufactured, sold, and distributed the rope that broke.

14. The rope was defective and unmerchantable.

15. The defective rope was a proximate cause of the January 2, 2002 accident and the death of Anders and Seabolt.

16. Manila Cordage and is strictly liable in tort to the Plaintiffs because:

   a. Manila Cordage was engaged in the business of designing, manufacturing, and selling the rope;

   b. Manila Cordage sold the rope in a defective condition;

   c. the rope was expected to reach, and did reach, the consumer without substantial change in its condition; and

   d. Anders and Seabolt were fatally injured as a proximate result of the failure of the rope.

## Third Claim: Breach Of Implied Warranty Against Manila Cordage

17. The Plaintiffs reallge and incorporate the allegations of the Complaint and the First and Second Claims.

18. Manila Cordage was a seller as defined by the Uniform Commercial Code ("UCC") §2-103(1)(d) and a merchant defined by §2-104(1).

19. Manila Cordage impliedly warranted that the rope was free of defects and of merchantable quality.

20. Manila Cordage's breach of an implied warranty of merchantability was a proximate cause of the accident and the deaths of Anders and Seabolt.

### Fourth Claim: Negligence Against Manila Cordage

21. The Plaintiffs reallge and incorporate the allegations of the Complaint and the First through Third claims.

22. Manila Cordage at all material times designed, sold, and distributed rope for use by the public, and held itself as having special expertise in the rope industry.

23. Manila Cordage was negligent in the design and sale of the rope that broke.

24. Manila Cordage's negligence and gross negligence was a proximate cause of the accident and deaths of Anders and Seabolt.

WHEREFORE, the Plaintiffs demand judgment for damages, individually and on behalf of the wrongful death heirs of Anders and Seabolt, against the Defendants, jointly and severally, in an amount exceeding $75,000.00 each in compensatory and punitive damages, with costs of court.

Respectfully submitted,

JAMES M. ANDERS, individually and on behalf of the wrongful death heirs of JAMIE SCOTT ANDERS and SKYLA SEABOLT, individually and on behalf of the wrongful death heirs of JOHN W. SEABOLT, PLAINTIFFS

BY: *Wynn E. Clark*
Attorney for Plaintiffs

William L. Denton, MSB #6054
Wynn E. Clark, MSB #6279
Denton, Jenner & Walker
Morgan Square, 955 Howard Avenue
Post Office Box 1204
Biloxi, Mississippi 39533
Telephone:  (228) 374-8722
Facsimile:   (228) 374-6117